IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VICTOR LEE BAILEY,

              Plaintiff

VS.

CONNIE KILGORE, *et al.*,

              Defendants

NO. 5:06-CV-152 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

The defendants have filed a Motion for Summary Judgment in the above-styled case. Tab #15. This motion is supported by a number of exhibits, a Statement of Undisputed Material Facts, and a brief. Also in the record is the deposition of the plaintiff. Although the plaintiff was advised of his right and duty to respond to the defendants' motion (Tab #19), he has failed to do so. Nevertheless, the court must ensure that the standards for summary judgment are met before the same may be granted.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the Motion for Summary Judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## FACTS[2]

Plaintiff Bailey, who was at all pertinent times incarcerated within the Georgia Department of Corrections, suffered from a hernia when he was transferred to Wilcox State Prison in October of 2005. On March 23, 2006, Bailey was transferred to Augusta State Medical Prison (ASMP) to have surgery to repair his hernia; the surgery was performed on March 28th of that year.

- 2 -

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[2] Although the facts must be viewed in the light most favorable to the plaintiff as the non-moving party, the plaintiff has failed to provide a response or *any* evidence to support his claim.

The medical staff at ASMP stated in Bailey's chart that staples utilized in the surgery would be removed on April 8, 2006, and he was given a lower bunk profile. In the time period before the staples were removed, plaintiff requested that he be put in administrative segregation because he feared for his safety, being concerned with the possibility of assault by a fellow inmate while he was recovering from his surgery. Bailey was put in protective custody but was forced to be in a top bunk.

Though the orders on Bailey's Treatment Sheet stated that the plaintiff's staples should be removed on April 8, 2006, those orders were apparently incorrect, and defendant Crowe removed the staples on April 4, 2006, which was consistent with the doctor's orders. *See* Defendants' responses to plaintiff's interrogatories, Tabs #15-2 at ¶10 and #15-3 at ¶10.

In the days that followed the removal of the staples, the incision opened up slightly and began draining. The medical staff placed butterfly strips on the area and gave plaintiff instructions to tell them about any changes in his condition. Bailey was also prescribed pain medication and antibiotics.

Over the weeks and months after the surgery, Bailey was continually treated for pain associated with the surgery and was seen by a surgeon for a consultation at least once.

## DISCUSSION

The Eleventh Circuit has consistently held that treatment for an inmate's medical problems can violate the Eighth Amendment, but only when the treatment "is so grossly incompetent, inadequate, or excessive as to chock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). *Harris* clarifies that statement, saying that medical treatment for prisoners does not need to be "perfect, the best obtainable, or even very good." *Id.* at 1510. Moreover, there is a subjective component to an Eighth Amendment claim, which provides that those neglecting an inmate's right to be free from cruel and unusual punishment must display "obduracy and wantonness, not inadvertence or error in good faith" in order to be held liable. *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).

Plaintiff Bailey has failed to provide any evidence that the treatment he received was anything other than adequate. Furthermore, he has failed to demonstrate that *any* defendant acted with deliberate indifference to his condition, as any possible lapses in care (specifically with respect to when the staples were to come out) appear to have been done in good faith. Plaintiff has provided no evidence that any defendant acted in bad faith.

With respect to the Bailey's complaint of being put in a top bunk when he was issued a lower bunk profile, he has failed to allege any damage that came as a result of his being forced to get in a top bunk. Moreover, Bailey was transferred between rooms and eventually landed in a top bunk because of his request to be moved into segregation.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 13th day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE